# United States Court of Appeals

## For the Eleventh Circuit

FILED

08 APR -8 PM 12: 08

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

No. 07-11149 - AA

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Mar 6, 2008

THOMAS K. KAHN
CLERK

District Court Docket No.
8: 06-00110-CR-T-24-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES LONG,

Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

-------------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
-------------------------------------------------------------------

## J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered:       March 6, 2008
For the Court:  Thomas K. Kahn, Clerk
By:       Harper, Toni

ISSUED AS MANDATE

APR 0 4 2008

U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-11149
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 6, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00110-CR-T-24-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES LONG,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(March 6, 2008)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

James Long appeals his sentence of life plus five years imposed after a jury

found him guilty of conspiring and attempting to possess with intent to distribute five kilograms or more of cocaine, knowingly carrying a firearm during and in relation to a drug trafficking crime, and being a felon in possession of a firearm. Long argues that (1) the district court violated his Sixth Amendment rights by using his prior convictions to enhance his sentence without requiring the jury to make factual findings regarding those convictions, (2) that his sentences constitute cruel and unusual punishment in violation of the Eighth Amendment, and (3) that his sentences are unreasonable. After review, we find no error and AFFIRM.

## I. BACKGROUND

Long and another man, Leon Williams, were introduced to an undercover agent ("UC") of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who claimed to be a courier for Columbian drug traffickers. The men formed a plan to rob the drug traffickers' stash house, which purportedly would contain between 22 and 39 kilograms of cocaine. Long indicated that they were planning to kill any drug traffickers at the house the course of the robbery. Long, Williams, and a third man, Ernest King, met the UC on the morning of the planned robbery. The UC drove the three men to a prearranged location, a mini-storage facility, where the UC told the men to hide a portion of the cocaine after the robbery. The UC took the men to the storage unit that he claimed to have rented, gave them a key (which

2

would not open the lock), and told them he needed to leave and use a phone to answer a page. Long and the other men were then arrested and found to be in possession of four firearms.

Long was indicted for conspiring and attempting to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) (Counts 1-2), knowingly carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) (Count 5). The government filed a notice of prior convictions, indicating that Long was subject to a mandatory life sentence for Counts 1 and 2 because he had at least two prior convictions for felony drug offenses, under 21 U.S.C. §§ 841(b)(1)(A) and 851. A jury found Long guilty on four counts of the indictment against him.

As to Counts 1, 2 and 5, Long received a base offense level of 34 under U.S.S.G. § 2D1.1 (2006) because the offense involved at least 15 kilograms but less then 50 kilograms of cocaine. Long's base offense level was increased by two points because he obstructed justice by committing perjury during the trial, under U.S.S.G. § 3C1.1. This would have given Long a base offense level of 36, but Long qualified as a career offender under U.S.S.G. § 4B1.1 because he has at least two prior felony convictions of either a crime of violence or a controlled substance

3

offense.  Therefore, his total offense level is 37.  Both Long's 16 criminal history points and his career offender status established a criminal history category of 6.  The Guidelines range as to Counts 1 and 2 is life imprisonment, which is the statutory mandatory sentence under 21 U.S.C. § 841(b)(1)(A) if the defendant has at least two prior felony drug convictions.  As to Count 5, the Guidelines range is 120 months of imprisonment, which is the statutory maximum term of imprisonment.  Finally, for Count 3, the Guidelines imprisonment range is five years to run consecutively to the sentence imposed for the underlying offense, pursuant to U.S.S.G. § 2K2.4(b) and 18 U.S.C. § 924(c).

Long filed no objections to the Presentence Investigation Report (PSI) prior to his sentencing hearing, and, at the hearing, Long stated he had no objections to the factual statements in the PSI.  However, he indicated that he wanted to preserve an objection to the mandatory minimum punishment being cruel and unusual and an objection to the use of enhancements not found by the jury, although he understood that the law on this issue is clear.

The district court determined the applicable Guidelines range to be that found in the PSI, and the district court reviewed the sentencing factors set forth in 18 U.S.C. § 3553(a).  The district court sentenced Long to concurrent terms of life imprisonment on Counts 1 and 2, 120 months of imprisonment on Count 5, and a

4

60 month term of imprisonment on Count 3, to run consecutively to the terms imposed for Counts 1, 2, and 5.  Long expressed no objections to the sentence.

## II. DISCUSSION

A.  The District Court Properly Relied Upon Long's Prior Convictions

Long argues that his sentence is unconstitutional because it was enhanced based on felony convictions that were not alleged in the indictment or proven to a jury beyond a reasonable doubt.  This argument lacks merit.  We review questions of constitutional law de novo.  United States v. Chau, 426 F.3d 1318, 1321 (11th Cir. 2005) (per curiam).  The Supreme Court has held that the Constitution does not require a defendant's prior convictions to be alleged in the indictment and proven to the jury before they may be used in sentencing.  Almendarez-Torres v. United States, 523 U.S. 224, 243-44, 118 S. Ct. 1219, 1230-31 (1998).  The Supreme Court reaffirmed this holding in Apprendi v. New Jersey, stating that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000); see also United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005) (per curiam) ("the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had

5

prior convictions" before a district court may use those convictions to enhance a

sentence); United States v. Booker, 543 U.S. 220, 244, 125 S. Ct. 738 (2005)

("Any fact (other than a prior conviction) which is necessary to support a sentence

exceeding the maximum authorized by the facts established by a plea of guilty or a

jury verdict must be admitted by the defendant or proved to a jury beyond a

reasonable doubt."). Although Apprendi and subsequent decisions of the Supreme

Court have cast doubt on the continuing vitality of Almendarez-Torres, without

actually overruling it, see, e.g., Apprendi, 530 U.S. at 489-90, 120 S. Ct. 2362, we

are bound to apply Almendarez-Torres until the Supreme Court chooses to

overrule it. United States v. Gibson, 434 F.3d 1234, 1246-47 (11th Cir. 2006).

Further, a sentencing court may rely on undisputed facts and prior

convictions described in a PSI to determine the nature of a prior conviction.

United States v. Bennett, 472 F.3d 825, 832-33 (11th Cir. 2006) (per curiam).

Long's PSI indicated that he has two prior felony drug convictions, and he never

objected to this fact. This amounts to an admission. Id. at 833-34 (a failure to

make an objection to the underlying facts in the PSI or at sentencing is an

admission that such facts are true). Therefore, the district court did not err, and did

not violate Long' s constitutional rights, by relying upon Long's PSI to establish

the fact of his prior felony convictions for the purpose of a sentencing

6

enhancement.

## B. Long's Sentence Did Not Constitute Cruel and Unusual Punishment

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. As applied to noncapital cases, the Eighth Amendment contains only a "narrow proportionality principle." See Ewing v. California, 538 U.S. 11, 20, 123 S. Ct. 1179, 1185 (2003). "We must make a threshold determination that a sentence imposed is grossly disproportionate to the offense committed and, if it is grossly disproportionate, we must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for the commission of the same crime in other jurisdictions." United States v. Arias-Izquierdo, 449 F.3d 1168, 1186 (11th Cir. 2006). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005) (per curiam) (quotation and citation omitted). Successful challenges to the proportionality of a noncapital sentence under the Eighth Amendment are extremely rare because of the deference accorded to Congress's authority to determine the types and limits of punishments. United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005) (per curiam). The burden is on the defendant

7

to show that the sentence the district court imposed is disproportionate to the offense committed.  See id. at 1324 n.4.

Long's life sentence was mandated by statute and we generally find that such sentences are not cruel and unusual.  See id. at 1323; 21 U.S.C. §§ 841(b)(1)(A) and 851.  In light of the extremely serious crimes for which Long was convicted, in which he conspired to and attempted to steal cocaine from a stash house and kill any drug traffickers who were present, we conclude that Long has not established that this is one of the exceptionally rare cases in which we should not defer to Congress's authority to determine the appropriate punishment. Accordingly, we decide that Long's life sentence is not disproportionate to the offense he committed.

C.  The Sentences Imposed by the District Court are Reasonable

Finally, Long argues that the sentences imposed by the district court are unreasonable.  We "must first ensure that the district court committed no significant procedural error," and then we should "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall v. United States, 552 U.S.____, ____, 128 S. Ct. 586, 597 (2007). "Sentencing is a two step process, requiring (1) the correct calculation of the guideline range and (2) the consideration of the 18 U.S.C. § 3553(a) factors."

8

United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007) (citation

omitted). Included among the factors that a district court must consider in

fashioning a reasonable sentence are "(1) the nature and circumstances of the

offense"; (2) "the history and characteristics of the defendant"; (3) the need "to

reflect the seriousness of the offense, to promote respect for the law, and to provide

just punishment for the offense"; (4) the need for deterrence; (5) the need "to

protect the public"; (6) the Sentencing Guidelines range; and (7) "the need to avoid

unwanted sentenc[ing] disparities." 18 U.S.C. § 3553(a).

      The district court is not required to state on the record that it has explicitly

considered each of the § 3553(a) factors or to discuss each § 3553(a) factor.

United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). It is sufficient if the

district court acknowledges that it considered the § 3553(a) factors. Id. "The fact

that the appellate court might reasonably have concluded that a different sentence

was appropriate is insufficient to justify reversal of the district court." Gall, ___

U.S. at ___, 128 S. Ct. at 597. We have noted that "there is a range of reasonable

sentences from which the district court may choose." United States v. Talley, 431

F.3d 784, 788 (11th Cir. 2005) (per curiam). The party challenging the sentence

bears the burden of establishing that the sentence was unreasonable. Id.

      Under 21 U.S.C. §§ 846, 841(a), and (b)(1)(A), anyone who conspires or

attempts to possess with intent to distribute five kilograms or more of cocaine and

has two or more prior convictions for felony drug offenses is to be sentenced to a

mandatory life sentence.  In addition, anyone who carries a firearm during and in

relation to any crime of violence or drug trafficking crime shall be sentenced to not

less than five years of imprisonment in addition to the punishment already

provided for the underlying offense.  18 U.S.C. § 924(c).  Furthermore, a felon in

possession of a firearm may be imprisoned for no more than ten years.  18 U.S.C. §

924(a)(2).

In this case, the district court properly sentenced Long.  At the sentencing

hearing, the district court expressly remarked that it had reviewed the § 3553(a)

sentencing factors and found that the sentences are mandated by statute and are

"sufficient, but not greater than necessary to comply with the statutory purposes of

sentencing."  R5 at 13.  It calculated the advisory Guidelines range and considered

it, along with the § 3553(a) factors, in determining an appropriate sentence.

Long's life sentences for Counts 1 and 2 and his five-year sentence for Count 3

were the statutory mandatory minimum sentences for the offenses of conviction.

See 18 U.S.C. § 924(c); 21 U.S.C. §§ 841(a), (b)(1)(A), and 846.  Long cannot

show that these sentences are unreasonable because his conduct in this case

resulted in a statutorily mandated overall sentence of life plus five years, and we

10

conclude that those sentences are reasonable because the district court does not have the authority to impose a sentence below the statutory minimum sentence. See United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005) (emphasizing that post-Booker, district courts are still bound by statutory minimum sentences). Long's ten-year prison sentence for Count 5 is within the statutory sentencing range, though it is the highest sentence authorized by Congress. See 18 U.S.C. § 922(g) and 924(a)(2). However, given Long's criminal history and the extreme level of violence that he intended to inflict during the course of the planned armed robbery, we decide that this sentence is reasonable. Accordingly, we affirm Long's sentences.

## III. CONCLUSION

Long appeals his sentences of life plus five years imposed following his convictions for conspiring and attempting to possess with intent to distribute five kilograms or more of cocaine; knowingly carrying a firearm during and in relation to a drug trafficking crime; and being a felon in possession of a firearm. We conclude that the district court properly relied upon Long's prior convictions to enhance his sentence without requiring a jury make factual findings regarding those convictions, that his sentence does not constitute cruel and unusual punishment, and that his sentences are reasonable. We discern no error.

11

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia