UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES LONG,

    Petitioner,

v.
                        CASE NO:8:09-CV-1127-T-24MAP
                                8:06-CR-110-T-24MAP
UNITED STATES OF AMERICA.

    Respondent
_____/

## ORDER

THIS CAUSE comes on for consideration Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV-D-1; CR-D-160), and his Memorandum of Law in Support thereof (CV-D-3).

Petitioner was charged by way of a Superseding Indictment with conspiracy to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii) (Count One), attempting to possess with the intent to distribute five kilograms of more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii) and 18 U.S.C. § 2 (Count Two), carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Count Three), and being a felon in possession of a firearm in violation of 18 U.S.C. §§

922(g)(1) and 924(e) (Count Five). Petitioner proceeded to trial and on October 19, 2006, a jury found Petitioner guilty of all counts charged against him. On March 6, 2007, the Court sentenced Petitioner to a term of life imprisonment plus five years. Petitioner appealed. On March 6, 2008, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Long, 268 Fed. Appx. 832 (11th Cir. 2008).

On June 16, 2009, the Court received Petitioner's § 2255 motion on the prescribed form. Paragraph 12 of the form requires that the prisoner concisely state all the grounds which he claims he is being held unlawfully and summarize the facts supporting each ground. Next to grounds one through four, Petitioner stated, "See Forthcoming Memorandum of Law in Support." (CV-D-1, p. 4-5, ¶ A-D.) Furthermore, Petitioner did not include any supporting facts as to grounds one, three and four; rather he indicated that, "[t]he factual claims and legal arguments that support the claims set forth are fully set forth in Movant's Memorandum of Law and Brief in Support." (Id. at p. 4, ¶ A.) As to ground two, Petitioner indicated, "[s]ee forthcoming Memorandum in Support of Motion to Vacate, Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255

Ineffective Assistance of Trial and Appellate Attorney." (<u>Id.</u> at ¶ B.) Petitioner signed his motion under penalty of perjury on June 10, 2009. (<u>Id.</u> at p. 6.) According to the certificate of service, Petitioner certified under the penalty of perjury that he deposited his motion in the legal mailbox at the United States Penitentiary on June 10, 2009. (<u>Id.</u> at p. 8.)

The Court received Petitioner's separate memorandum of law in support of his motion on June 24, 2009. Petitioner raises four claims of ineffective assistance of counsel in his memorandum. Specifically, Petitioner claims his counsel failed to (1) ensure that the confidential informant would be able to testify at trial in order to present a viable defense of entrapment; (2) raise a confrontation clause violation; (3) challenge Petitioner's prior convictions that were used to enhance his sentence under 21 U.S.C. § 851; and (4) raise any objections at sentencing or on appeal. According to the "Affidavit of Mailing," Petitioner deposited his memorandum in the prison legal mailbox for mailing on June 17, 2009. (CV-D-3, p. 24.)

There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions

attacking sentence in federal courts. 28 U.S.C. §§ 2244(d)(1), 2255. Unless one of the three exceptions applies as provided in § 2255 (2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). If a criminal defendant does not file petition for writ of certiorari with the Supreme Court on direct review, "§ 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003).

As indicated above, the Eleventh Circuit affirmed Petitioner's sentence on March 6, 2008. Pursuant to Rule 13.1, Sup.Ct. R., Petitioner had ninety days thereafter, until June 4, 2008, to file a petition for writ of certiorari. Petitioner did not do so, and, as such, his conviction became final on June 4, 2008. Thus, he had one year from that date, until June 4, 2009, to file his § 2255 motion.

While the Court did not receive Petitioner's § 2255 motion until June 16, 2009, the Supreme Court in Houston v. Lack, 487 U.S. 266, 270 (1988), held that a pro se habeas prisoner "files" a notice of appeal on the date the prisoner delivers the notice to prison officials for forwarding by mail to the clerk of courts. The Eleventh Circuit in Adams v.

United States, 173 F.3d 1339, 1341 (11th Cir. 1999), extended the mailbox rule to include motions to vacate.

Petitioner specifically attested to the fact that he deposited his motion in the prison mailing system on June 10, 2009, six days after the expiration of the statute of limitations. (CV-D-1, p. 8.) Petitioner, however, argues that his motion is timely and contends that he had 69 days after the Eleventh Circuit issued the mandate on April 4, 2008 to file a petition for writ of certiorari and one year after that by which to file his 2255 motion. Thus, Petitioner contends that he had until June 12, 2009, by which to file his motion, and as he mailed his motion on June 10, 2009, it is timely.

As previously indicated, Rule 13.1 provides that a petition for writ of certiorari must be filed "within 90 days after entry of the judgment." Sup.Ct. R. 13.1. Notably, Rule 13.3 provides that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, *and not from the issuance date of the mandate* (or its equivalent under local practice)." Sup.Ct. R. 13.3 (emphasis added.) Rule 13.3 makes clear that the time for filing a petition for writ of certiorari ran from

the date on which the Eleventh Circuit issued its opinion, March 6, 2007, and not from the date on which the mandate was issued. Thus, Petitioner's conviction became final on June 4, 2008, when the time for filing a petition for writ of certiorari expired. As Petitioner failed to file his § 2255 motion within one year of the date on which his conviction became final, his motion is untimely.[1]

The Eleventh Circuit has held that the one-year time limitation may be equitably tolled, however. <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999). In this regard, "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." <u>Id</u>. This extraordinary remedy is typically applied sparingly. <u>Steed v. Head</u>, 219 F.3d 1298, 1299 (11th Cir. 2000). The Petitioner has the burden of demonstrating the equitable tolling is warranted. See <u>Akins v. United States</u>, 204 F.3d 1086, 1090 (11th Cir.), <u>cert. denied</u>, 531 U.S. 971 (2000). "In order to be entitled to the benefit of equitable tolling,

---

[1] Petitioner does not suggest that any of the exceptions provided in § 2255 (2) - (4) are applicable. Further, the Court finds that none of those grounds to extend the statute of limitations are applicable.

a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." Drew v. Dept of Corrections, 297 F.3d 1278, 1287 (11th Cir. 2002), cert. denied, 537 U.S. 1237 (2003).

There is no evidence that "extraordinary circumstances" beyond Petitioner's control made it impossible for him to file his § 2255 motion on time. Rather, it appears that Petitioner, based on his incorrect understanding of the law, miscalculated the date by which his motion was due to be filed. Ignorance of the law does not justify equitable tolling. Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir.), cert. denied, 531 U.S. 1035 (2000); Romanes v. McDonough, No. 8:05-CV-702-T-30MAP, 2008 WL 879445, at *3 (M.D. Fla. March 28, 2008); United States v. Perdue, Nos. Civ. 99-0448-AH-S, CRIM. 99-0147-AH, 2000 WL 284239, at *2 (S.D. Ala. March 10, 2000)

In light of the foregoing, Petitioner's § 2255 motion is time-barred, and the Court therefore lacks jurisdiction to consider the motion.

IT IS ORDERED that:

1) Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV-D-1 and CR-D-160) is DENIED

as time-barred.

2) The Clerk is directed to CLOSE this case, and enter judgment accordingly in case 8:09-CV-1127-T-24MAP.

DONE AND ORDERED at Tampa, Florida this 16th day of July, 2009.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE