UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES LONG

   v.                                                                                             Case No: 8:16-cv-2824 T-24 MAP
                                                                                                      8:06-cr-110 T-24 MAP

UNITED STATES OF AMERICA
_____/

**ORDER**

This cause comes before the Court on Petitioner James Long's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 1; Crim. Doc. 207). Because review of the motion conclusively demonstrates that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter directly. 28 U.S.C. § 2255(b).

**I.     Background**

On October 19, 2006, a jury found Petitioner guilty of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count 1); attempting to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count 2); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 5). (Crim. Docs. 96, 128). Before trial, the Government filed an Information and Notice of Prior Convictions, which listed four earlier Florida drug convictions that it asserted constituted "prior felony drug convictions" within the meaning of 21 U.S.C. §§ 851 and 841(b)(1)(A) and that would mandate enhanced penalties. (Crim. Doc. 27).

1

The Court sentenced Petitioner to life in prison plus five years on March 6, 2007. (Crim. Doc. 128). Petitioner appealed, arguing (1) the Court violated his Sixth Amendment rights by using his prior convictions to enhance his sentence without requiring the jury to make factual findings regarding those convictions; (2) his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment; and (3) his sentence was unreasonable. (Crim. Doc. 155 at 3). The Eleventh Circuit affirmed his sentence on March 6, 2008.[1] (Crim. Doc. 155). On June 10, 2009, Petitioner deposited his first § 2255 motion into the prison mailbox. (Crim. Doc. 160). The Court denied that motion as time-barred on July 16, 2009. (Crim. Doc. 163). Petitioner signed the instant § 2255 motion on September 27, 2016. (Civ. Doc. 1; Crim. Doc. 207).

## II.     Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a mandatory, one-year period of limitation for § 2255 motions, which runs from the latest of the following events:

> (1)    the date on which the judgment of conviction becomes final;
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).

---

[1] *United States v. Long*, 268 F. App'x 832 (11th Cir. 2008).

Petitioner appears to rely on § 2255(f)(3) to establish his motion is timely. He asserts the instant motion is not time-barred based on a change in substantive law, which he attributes to a recent United States Supreme Court case: *Molina-Martinez v. United States*, __ U.S. __, 136 S. Ct. 1338 (2016). (Civ. Doc. 1 at 3, 5). *Molina-Martinez* held that a defendant seeking appellate review of an unpreserved Guidelines error that resulted in a higher Guidelines range and an incorrect sentencing framework need not make a further showing of prejudice to obtain relief under Federal Rule of Criminal Procedure 52(b), even if his or her sentence ultimately fell within the correct Guidelines range. *Id.* at 1345.

But Petitioner is not in the same posture as the appellant in *Molina-Martinez* because he is not challenging his sentence on direct appeal. Consequently, *Molina-Martinez* is factually inapposite, and its holding is inapplicable here. Furthermore, to the extent Petitioner relies upon *Molina-Martinez* to establish his motion is timely under § 2255(f)(3), his reliance is misplaced. Even if *Molina-Martinez* were applicable to Petitioner, that case did not announce a right that was "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Therefore, Petitioner cannot rely on § 2255(f)(3) to establish the timeliness of his motion.

### III. Conclusion

Petitioner's motion is a successive motion and is also untimely. Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DISMISSED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close the case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a Certificate of Appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of October, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
*Pro se* Petitioner
Counsel of Record